■ In the Matter of the Claim of MAUD CROWL, Respondent, v. CITY OF NEW YORK, DEPARTMENT OF HOSPITALS, Respondent, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent. — HAMM, J. Appeal from board decisions affirming the decision of a Referee "holding the Special Fund under Section 25a liable for the medical treatment" and finding causal relation. In this case in which the Special Fund's liability for "compensation benefits" had terminated after 18 years from the accident and 8 years from the last payment of compensation (§ 25-a, subd. 6) and for "award of compensation" by the same time limits (§ 123), the chairman of the board thereafter authorized medical payments (§ 25-a, subd. 2). In *Matter of Youngelman* v. *City of New York* (10 A D 2d 173, 175, app. dsmd. 9 N Y 2d 905) we recognized the responsibility of the Special Fund beyond the time limitations mentioned and the subsequent power of the chairman to authorize medical services. The facts are these: After hearings the Referee made an interim determination that because of the 18 and 8-year time limitations of section 123 an award of compensation could not be made but that liability for medical payments attached to the Fund. After further hearings the Referee by notice of decision dated June 26, 1963, found causal relation, made a final determination that the Fund was responsible for medical payments and sent the case to the chairman of the board for "consideration of authorization nunc pro tunc". No application for review was made within 30 days after notice of the filing of either decision. On July 25, 1963, the chairman authorized medical treatment. The authorization stated that it was "conditioned upon a finding by the Board that the condition requiring treatment is a result of the above captioned matter and that same is a responsibility of the Special Fund." Both of these conditions, however, had been met by the Referee's decisions which had become final (§ 23). On July 31, 1963, the Special Fund wrote a letter objecting "to the issuance of such authorization" and stated that its position was "that the same is improper and that there is no basis for it in the statute." As causal relation had been conclusively determined, the authorization of the chairman was, unlike the situation in *Matter of Daum* v. *Rochester State Hosp.* (21 A D 2d 953), divorced from and not a product of the adjudicative process and hence, as in *Youngelman*, where liability previously had been established, purely administrative. This type of administrative determination is not reviewable by the board (§ 23) and the Referee's decisions also were not reviewable because, in the absence of timely application for review (§ 23), they had become final. The board's determination, having been rendered in the absence of proper jurisdiction, must be vacated, without costs. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.